UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-02109-AB-ACCV | Date: | April 29, 2026 |
|---|---|---|---|

| Title: | *Francisco Alexander Martinez Ramos v. James Janecka, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER <u>DENYING</u> EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. No. 2]**

On April 13, 2026 *pro se* Petitioner Francisco Alexander Martinez Ramos ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition," Dkt. No. 1) and an *ex parte* Application for Temporary Restraining Order ("TRO Appl.," Dkt. No. 2). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") and seeks a TRO ordering his immediate release, among other relief. *See* TRO App.

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of § 2241 immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. *See* Dkt. No. 4. The General Order establishes an accelerated briefing schedule—requiring a government answer within seven days of service and a prompt reply thereafter—along with procedures for immediate service and prompt adjudication of the petition in its entirety.

In light of this governing structure, Petitioner cannot demonstrate the

requisite basis for emergency relief under *Winter v. Natural Resources Defense Council,* because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. *Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Thus, the Court concludes that Petitioner is not entitled to *ex parte* relief.

Accordingly, and because the expedited procedures established by General Order 26-05 provide for prompt resolution of the Petition itself, the *ex parte* Application for Temporary Restraining Order is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EC</u>